

# NUMBERS   13-12-00276-CR
# 13-12-00277-CR
# 13-12-00278-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DEREK ANTHONY COMLEY,**                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant Derek Anthony Comley appeals from three convictions for second-degree felony aggravated assault.   *See* TEX. PENAL CODE ANN. § 22.02(a)(1), (b) (West 2011).   Each appellate cause number (13-12-00276-CR, 13-12-00277-CR, and

13-12-00278-CR) involves Comley's pleas of guilty to aggravated assault charges stemming from an incident on January 8, 2009 in which Comley stabbed three different individuals with a knife.[1]  The trial court deferred adjudication and placed Comley on community supervision in each of the three cases.   On February 1, 2011, the State filed a motion to revoke Comley's deferred adjudication supervision in each case.   At the hearing on the State's motions to revoke, Comley pleaded true to six of the seven violations alleged by the State in each motion.   The trial court then sentenced Comley to eleven years' confinement in each case and ordered the sentences to run concurrently.

Concluding that the appeal in each case would be frivolous, counsel filed *Anders* briefs in which he reviewed the merits, or lack thereof, of the appeals.   We affirm.

## I.  COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Comley's court-appointed appellate counsel has filed a brief with this Court, stating that he has diligently reviewed each record and the applicable law and concluding that, in his professional opinion, "the record[s] reflect[] no reversible error."  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

---

[1]  Because our review of the records shows that the same facts and similar legal issues are involved in each appeal, in the interest of judicial economy, we consolidate the three appeals and issue a single opinion disposing of them.

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Comley's counsel has, thus, carefully discussed why, under controlling authority, there are no errors in the trial court's judgments. Counsel has informed this Court that he has: (1) examined the records and found no arguable grounds to advance on appeal, (2) served his brief and motion to withdraw on Comley, and (3) provided Comley with a copy of the records and informed Comley of his right to review the records and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Comley has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

The United States Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record in each case and counsel's briefs, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

Accordingly, we affirm the judgments of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Comley's attorney has asked this Court for permission to withdraw as counsel for Comley. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motions to withdraw in each of the three cases. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Comley and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 21st
day of November, 2012.

---

[3] No substitute counsel will be appointed. Should Comley wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.